# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

RONALD A. POLK and
JO E. YOUNG,

       Plaintiffs,                     CASE NO. 04-CV-10368

v.                            DISTRICT JUDGE DAVID M. LAWSON
                               MAGISTRATE JUDGE CHARLES BINDER

MARK J. GEARTNER,
KARL KRAUS,
GARY POLEGA, and
STEVEN ALLEN,

       Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## RECOMMENDING *SUA SPONTE* DISMISSAL

## I.     RECOMMENDATION

**IT IS RECOMMENDED** that this case be ***SUA SPONTE* DISMISSED** for lack of subject

matter jurisdiction pursuant to *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), because the claims

alleged are devoid of merit.[1]

**IT IS FURTHER RECOMMENDED** that Plaintiffs be enjoined from filing any future

lawsuits in this Court without first obtaining leave of Court.

_____

[1]In the event that this Report and Recommendation is adopted, the following pending motions will be moot: Defendants Allen and Gaertner's Motion to Quash Plaintiff Jo E. Young's Complaint Due to Lack of Capacity to Sue Pursuant to Rule 9(a) (Dkt. 5); Defendant Allen's Motion to Impose Sanctions on Plaintiffs Pursuant to Rule 11 (Dkt. 12); Defendant Gaertner's Motion to Impose Sanctions on Plaintiffs Pursuant to Rule 11 (Dkt. 13); Defendant Polega's Motion to Dismiss for Insufficient Service (Dkt. 15); Defendant Polega's Alternative Motion and Brief in Support of Co-Defendants' Motions to Quash and for Improper Venue (Dkt. 16); Plaintiffs' Emergency Motion for Restraining Order to Halt Any Action in the Huron County Courts to Which the Plaintiffs Stand by the Michigan Right to Farm Act as Their Defense Until Such Time as This Court Can Hear Whether the Right to Farm Act is Applicable Pursuant to the 14th Amendment for Due Process (Dkt. 22); Plaintiffs' Motion for Discovery (Dkt. 23); and Plaintiffs' Motion for Summary Judgment as a Matter of Law (Dkt. 25).

## II.   REPORT

### A.   Background

By order of U.S. District Judge David M. Lawson, this *pro se* civil rights case was referred to the undersigned Magistrate Judge for general pretrial case management on April 28, 2005. (Dkt. 20.)

This is not the first complaint to come before this Court that was filed by Ronald Polk and his common-law wife Jo Ellen Young. In March 2004, Plaintiffs filed a lawsuit against Huron County District Judge Karl Kraus. The complaint in that case alleged that when Judge Kraus was in private practice more than a decade ago, he failed to intervene and prevent Ronald Polk's father, Arthur Polk, from becoming an alcoholic, which led to the demise of Arthur Polk's business and eventually his death. (E.D. Mich. Case No. 04-CV-10053.) The case was *sua sponte* dismissed for lack of jurisdiction in July 2004, and Judge Kraus's motion for sanctions was denied.

Plaintiffs filed another civil suit in September 2004, this time naming as defendants United States Bankruptcy Judge Walter Shapero, two U.S. Bankruptcy Trustees, the U.S. Department of Justice and a private law firm. In that case, Ronald Polk stated that he was the court-appointed guardian of Jo Ellen Young, who had been declared legally incompetent due to mental illness. Polk asserted that he was bringing forward Young's claim that Judge Shapero had violated her civil rights by refusing to appoint a guardian *ad litem* pursuant to the Federal Rules of Bankruptcy Procedure. Polk also claimed that Young was denied access to the courts on the basis of her disability in violation of the Americans with Disabilities Act, that the bankruptcy trustees named as defendants violated Young's civil rights by arguing that Young's case should be dismissed or converted to a Chapter 7 proceeding, and that the defendant law firm violated Young's due process rights by not following the correct procedures for service of process on an incompetent person.

As relief, the complaint sought damages and a stay of Young's bankruptcy proceedings.  The case was *sua sponte* dismissed as devoid of merit on February 24, 2005.  (E.D. Mich. Case No. 04-CV-10350.)

Ronald Polk and Jo Ellen Young now bring the instant "Complaint for Denial of 14th Ammendment [sic] Due Process Rights, Fraudulent Conveyance of Property and Conspiracy to Commit Fraud," which was filed on November 9, 2004.  Plaintiffs do not state the basis for federal court jurisdiction, but the Court construes the complaint as being brought under 42 U.S.C. § 1983 as it alleges Fourteenth Amendment due process violations and names four state officials as defendants.  To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996).   In this case, the four defendants are employed by Huron County, Michigan:  County Prosecutor Mark Gaertner,[2] District Court Judge Karl Kraus, Chief Assistant Prosecuting Attorney Stephen Allen, and Sheriff's Department Sergeant Gary Polega.

Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, each claim must allege the infringement of a specific right under the federal Constitution or federal law.  *See Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994). The claims asserted in this case all stem from Plaintiff Ronald Polk's August 2004 arrest on 47 counts of animal cruelty.  Construing the *pro se* pleading liberally, *see Haines v. Kerner*, 404 U.S. 519, 520, 30 L. Ed. 2d 652 , 92 S. Ct. 594 (1972), it alleges the following claims:  (1) "defendants"

---

[2]Defendant Gaertner's last name is mistakenly spelled "Geartner" in the complaint and on the Court's docket.

conspired to fraudulently convey 25 head of cattle purchased by Plaintiff Jo Ellen Young to Plaintiff Ronald Polk for the purpose of prosecuting Polk; (2) Ronald Polk's due process rights were violated when he was arrested and jailed on animal cruelty charges pursuant to Michigan Compiled Laws § 750.50, where the statute expressly exempts "generally accepted farm management practices" and no governmental body found Polk's treatment of his livestock to be out of compliance with such practices prior to his arrest; (3) Plaintiffs' due process rights were violated by the search and seizure of their livestock prior to a finding by the Michigan Department of Agriculture that Plaintiffs failed to follow "generally accepted farm management practices"; (4) "defendants" failed to preserve evidence when they did not identify each seized animal and photograph it from all angles; (5) Defendants Gaertner and Allen pursued false animal cruelty charges against Plaintiffs even after they were informed by veterinarian Thomas Glasser that the allegations as to the condition of the herd were completely wrong and untrue; (6) Defendant Mark Gaertner made defamatory comments about Plaintiffs both in the press and on the radio in order to bias the jury pool; (7) Defendant Judge Karl Kraus violated Plaintiff Jo Ellen Young's rights by forcing her to endure unreasonably long court hours which ran from 8:30 a.m. to 10:30 p.m., even on weekends, despite Plaintiff Young's pregnancy, depression, and exhaustion; and (8) "defendants" are violating the Michigan Right to Farm Act by charging Plaintiffs with a zoning violation which is forcing Plaintiffs to "relinquish valuable farm equipment for scrap iron" despite the Act's provision that the spoils or byproducts of farming are exempt from local zoning ordinances.

As relief, Plaintiffs ask that all state convictions and pending charges be vacated, all records expunged, and that the "zoning issue" be held in abeyance until it can be determined by the Department of Agriculture whether Plaintiffs are in violation of the Michigan Right to Farm Act.

Plaintiffs also seek "credibility in the community in the form of a published statement that these charges were vacated as the prosecution acted prematurely." (Compl. at 4.) Further, Plaintiffs seek 2.5 million dollars in damages in addition to compensation for the 47 head of cattle that were seized and the lost real estate and income.

### B.    Procedural History

This case was originally filed in the Eastern District of Michigan's Southern Division in Detroit, Michigan. It was assigned to U.S. District Judge Paul D. Borman, who referred all pretrial matters to Magistrate Judge Steven D. Pepe. In December 2004, several of the defendants filed motions arguing that the case should be reassigned to the Northern Division due to improper venue. (Dkts. 6 & 8.) Defendants asserted that although Plaintiff Ronald Polk resides in Bad Axe, Michigan, which is in Huron County, he fraudulently used the address of 15431 State Fair in Detroit, Michigan, as his residence when filing this lawsuit so that the case would proceed in the Court's Southern Division, which is "outside of [Defendants'] realm." (Dkt. 6 at Ex. G.) Defendants alleged that this was done intentionally to harass them and, in support of their claim, Defendants Allen and Gaertner provided transcripts of several phone calls made by Plaintiff Polk while he was incarcerated in the Huron County Jail in October 2004. In these calls to his brother and to Plaintiff Young, Polk expressed his intent to "put a thorn in [Defendants'] side" by filing a civil suit alleging due process violations and asked his relatives to find out "Mike's" address in Detroit so he could leave it as his "parting address" when he was released from jail. (Dkt. 6 at Ex. F-I.) Defendants further averred that, during their investigation of the underlying animal cruelty charges, they interviewed a friend of Ronald Polk's by the name of Michael McKheen who gave his home address as 15431 E. State Fair in Detroit, Michigan. (Dkt. 6 at 9.) Defendants additionally provided copies of Polk's Michigan State Police card, voter identification card, order

of probation, and jail record, all of which give 3415 Rapson Road in Bad Axe as Polk's address. (Dkt. 6 at Ex. A-D.)

On April 4, 2005, Magistrate Judge Pepe found that Defendants had presented compelling evidence that both Plaintiffs live in Huron County, and therefore granted Defendants' motions and transferred the case to the Northern Division. (Dkt. 18.)

### C.    Analysis & Conclusions

The authority to screen and *sua sponte* dismiss complaints under 28 U.S.C. § 1915(e)(2) is limited to those complaints filed *in forma pauperis*. *Benson v. O'Brian*, 179 F.3d 1014, 1015 (6th Cir. 1999). Plaintiffs in this case, however, paid the filing fee and did not seek *in forma pauperis* status. "Generally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 478 (6th Cir. 1999) (per curiam). A district court may, however, *sua sponte* dismiss an action at any time for lack of subject matter jurisdiction when the allegations of a complaint are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479. In such a case, the plaintiff need not be given an opportunity to amend. *Id.* For the reasons stated below, I suggest that this case be *sua sponte* dismissed for lack of subject matter because Plaintiffs' claims are devoid of merit.

### 1.    Conspiracy to Fraudulently Convey Property

Plaintiffs' first claim is that "defendants" conspired to fraudulently convey 25 head of cattle purchased by Plaintiff Jo Ellen Young to Plaintiff Ronald Polk for the purpose of prosecuting Polk. The elements of a civil conspiracy under 42 U.S.C. § 1983 are: (1) the defendants entered into an agreement to violate the plaintiffs' rights; (2) the defendants shared a general objective to deprive the plaintiffs of their rights; and (3) an overt act was committed in furtherance of the conspiracy

6

that caused injury to the plaintiffs. *See Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003). "[C]onspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1539 (6th Cir. 1987).

In this case, Plaintiffs make a one-sentence conclusory allegation of a conspiracy to fraudulently convey cattle. They have not alleged any coordinated action between the conspirators, nor have they given any specifics of how this conspiracy violated their federal rights. Accordingly, I suggest that this claim is entirely devoid of merit.

### 2. Due Process Claims

Plaintiffs claim that Ronald Polk's arrest on animal cruelty charges pursuant to Michigan Compiled Laws § 750.50 violated his due process rights because the statute expressly exempts "generally accepted farm management practices" and no governmental body found Polk's treatment of his livestock to be out of compliance with such practices prior to his arrest. In a related claim, Plaintiffs assert that their due process rights were violated by the search and seizure of their livestock prior to a finding by the Michigan Department of Agriculture that Plaintiffs failed to follow "generally accepted farm management practices."

I suggest that these claims are meritless for two reasons. First, to bring a claim under § 1983, a plaintiff must "allege that a specific defendant performed a specific act that suffices to state a claim." *Kesterson v. Moritsugu*, No. 96-5898, 1998 WL 321008 at **4 (6th Cir. 1998) (unpublished). Here, Plaintiffs have not alleged that any of the named defendants were involved in either Polk's arrest or the seizure of the cattle. Second, even if the state law prohibiting animal cruelty provided that no arrest or seizure could be made until the Michigan Department of Agriculture found that generally accepted farm management practices were not followed, the

violation of a right created and recognized only under state law is not actionable under § 1983. *See, e.g., Sweeton v. Brown*, 27 F.3d 1162, 1165 (6th Cir. 1994) (en banc) (Michigan prison regulations did not create federal due process rights and were not actionable under § 1983).

### 3.    Failure to Preserve Evidence

Plaintiffs claim that "defendants" failed to preserve evidence when they did not identify each seized animal and photograph it from all angles. As with the last claim, I suggest that this claim is meritless because it fails to allege that a specific defendant violated a right secured under federal law or the U.S. Constitution.

### 4.    Claims Against Defendants Gaertner and Allen

Plaintiffs have named Huron County Prosecutor Mark Gaertner and Assistant Prosecutor Steven Allen as defendants. Plaintiffs assert that Defendant Gaertner made defamatory comments about them on the radio and in the press that biased "any possible jury pool." (Compl. at Count 3.) The only mention of Defendant Allen in the complaint is where Plaintiffs allege that Allen and Gaertner continued to pursue criminal charges against them for animal cruelty despite being informed by a veterinarian that the allegations about the condition of the herd were untrue. (Compl. at Count 4.)

Absolute prosecutorial immunity protects the acts falling within a prosecutor's role as advocate for the state. *Manetta v. Macomb County Enforcement Team*, 141 F.3d 274, 279 (6th Cir. 1998); *Ireland v. Tunis*, 113 F.3d 1435, 1445 (6th Cir. 1997). "Prosecutors are entitled to absolute immunity for 'initiating a prosecution and . . . presenting the state's case." *Lomaz v. Hennosy*, 151 F.3d 493, 498 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)). This immunity extends to all decisions to prosecute except those "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary

classification," *Wayte v. United States*, 470 U.S. 598, 608, 105 S. Ct. 1524, 84 L. Ed. 2d 547 (1985) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978)). Comments to the media, however, "have no functional tie to the judicial process just because they are made by a prosecutor," and therefore a prosecutor is only entitled to qualified immunity with regard to such claims. *Buckley v. Fitzsimmons*, 509 U.S. 259, 277-78, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993).

Applying these standards to Plaintiffs' allegations, I suggest that Defendants Gaertner and Allen are absolutely immune from suit for their actions related to the initiation of criminal action against Plaintiffs. In addition, because I suggest that all of Plaintiffs' federal claims be dismissed as lacking merit, I further suggest that this Court decline to exercise supplemental jurisdiction over Plaintiffs' state law defamation claim. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) (noting that generally "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

### 5.    Claim Against Defendant Kraus

Plaintiffs' only claim against Defendant Judge Kraus is that he forced them to endure unreasonably long court hours despite his being informed of Plaintiff Young's depression, pregnancy, and exhaustion. (Compl. at Count 5.) I suggest that this claim is lacking in merit because the judge was acting in his judicial capacity in a state court case over which he had jurisdiction and therefore enjoys immunity from suit. *See Mireles v. Waco*, 502 U.S. 9, 9-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *see also Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (stating that "[t]he Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983."). The absolute immunity of a judge applies "however erroneous the act may have been, and however injurious in its consequences it may have proved

9

to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199- 200, 106 S. Ct. 496, 88 L. Ed. 2d 507 (1985) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347, 20 L. Ed. 646 (1871)). Judicial immunity is overcome in only two situations. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11 (citations omitted).

Setting the schedule for court proceedings, I suggest, is an act that clearly falls within the judicial capacity and discretion of a state court judge. Further, it cannot be said to have been taken in "the complete absence of all jurisdiction." *Id.* Accordingly, I suggest that Judge Kraus is protected from suit by absolute judicial immunity and therefore Count 5 of the complaint is devoid of merit.

### 6. Current Charges in Violation of Michigan Right to Farm Act

Plaintiffs' final claim is that "defendants" are violating the Michigan Right to Farm Act by bringing zoning violation charges against them that carry "maximum fines and jail time" and which are forcing Plaintiffs to "relinquish valuable farm equipment for scrap iron" despite the Act's provision that the spoils or byproducts of farming are exempt from local zoning ordinances. (Compl. at Count [7].) Plaintiffs seek an injunction ordering the Michigan courts to either vacate these charges or hold them in abeyance until the Michigan Department of Agriculture can determine whether Plaintiffs are in violation of the Michigan Right to Farm Act.

Again, I suggest that this claim is meritless for several reasons. First, assuming that this claim was meant to be asserted against Defendant Gaertner as he is the county official with the power to "bring charges," as previously explained, prosecutors are absolutely immune for their conduct in initiating a prosecution on behalf of the state. Second, even if the charges were brought

in violation of the Michigan Right to Farm Act, the violation of a Michigan law is not actionable in federal court under § 1983, as previously stated. Third, even if Plaintiffs had asserted the violation of a federal right, the *Younger* abstention doctrine counsels that federal courts should abstain from adjudicating such a matter in deference to the ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). *See also Heck v. Humphrey*, 512 U.S. 477, 587 n.8, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) (". . . if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings").

### 7.   Defendant Polega

Defendant Gary Polega is listed in the caption of the complaint, but is never mentioned in the body of the pleading. Liability under § 1983 must be based on the personal involvement of each defendant. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *accord Kesterson v. Moritsugu*, No. 96-5898, 1998 WL 321008 at **4 (6th Cir. 1998) (a plaintiff must "allege that a specific defendant performed a specific act that suffices to state a claim"). Since Plaintiffs have not alleged any personal involvement on the part of Defendant Polega, I suggest that the complaint is lacking merit as to him.

### 8.   Conclusion

Plaintiffs have a history of bringing meritless suits in this Court, and I suggest that this case, like the others, be *sua sponte* dismissed as devoid of merit pursuant to the Court's discretion as set forth in *Apple, supra*. In the past, I have suggested that no sanctions be assessed against Plaintiff Ronald Polk due to his *pro se* status, but in light of the continuing assertion of frivolous claims that appear to be brought for the sole purpose of harassing the Defendants, as well as the apparently fraudulent use of a fictitious address, I suggest that the District Court exercise its inherent authority

11

to control deliberately vexatious and frivolous litigation.  The Sixth Circuit has held that district courts may properly enjoin vexatious litigants from filing further actions without first obtaining leave of court.  *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *see also Filipas v. Lemons,* 835 F.2d 1145, 1146 (6th Cir. 1987).  I suggest that the entry of such an injunction as to these Plaintiffs is appropriate.

### III.   <u>REVIEW</u>

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

   s/ *Charles E Binder*   
CHARLES E. BINDER  
United States Magistrate Judge

Dated: May 13, 2005

12

## <u>CERTIFICATION</u>

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Patrick A. Aseltyne, and served in the traditional manner on Steven Allen, Mark J. Gaertner, Ronald A. Polk, and Jo E. Young.


Dated:  May 13, 2005                          By      s/Jean L. Broucek
                                                          Case Manager to Magistrate Judge Binder